UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 00-6293-FERGUSON / SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAMON WALTERS,

    Defendant.
_____/



### PETITION FOR REVIEW OF THE MAGISTRATE'S ORDER ON PRETRIAL DETENTION AND REQUEST TO FILE SUPPLEMENT AFTER RECEIPT AND REVIEW OF THE TRANSCRIPT OF THE HEARING FOR PRETRIAL DETENTION

The Defendant, DAMON WALTERS, through undersigned appointed counsel, pursuant to the provisions of Title 28, U.S.C. Sec. 636(b) and Local Magistrate Rule 4, respectfully petitions this Court for review of the Magistrate's Detention Order granting the government's Motion for Pretrial Detention, and further requests leave of court to file an argument and memorandum of law in support of his objections to the Magistrate's findings and conclusions, and in support thereof says:

    1.    The Defendant is charged with conspiracy to possess with intent to distribute crack cocaine and two substantive counts of possession with



   intent to distribute crack cocaine. The total amount attributable to distributions by this Defendant over a five month investigation is .9 grams of crack cocaine.

2.  On October 19, 2000, the magistrate conducted a hearing upon the government's request for pretrial detention. On October 20, 2000, the Magistrate entered her written Detention Order, attached hereto as Composite Exhibit "A", which was received by undersigned counsel's office on or about October 24, 2000.

3.  Defendant submits that the Magistrate's Detention Order is clearly erroneous and contrary to law, in violation of the Defendant's Fourth, Fifth, Sixth and Eighth Amendment Rights under the United States Constitution. Additional and supplemental argument with a factual basis and appropriate record citations must await counsel's receipt and review of the transcript of the Pretrial Detention Hearing, a copy of which has been ordered pursuant to CJA Form 24 (counsel has been appointed pursuant to the provisions of the Criminal Justice Act).

WHEREFORE, based upon the above and foregoing, the Defendant requests: 1) This Court to accept this Petition for Review; 2) Permit counsel to thereafter file a supplemental written argument and objections thereto upon receipt and review of the transcript of the Pretrial Detention Hearing; 3) This Court to review this matter de novo, and, thereafter; 4) This Court to enter its Order reversing the magistrate's findings and setting a reasonable bond for the Defendant's pretrial release.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 27th day of October, 2000, to the Bruce Brown, Assistant United States Attorney, 500 East Broward Blvd, Fort Lauderdale, Florida 33301 and to Damon Walters, Inmate No. 55492-004, FDC - Miami, 33 Northeast Fourth Street, Miami, Florida 33130.

_____
MICHAEL G. SMITH
Attorney for Defendant
633 Southeast Third Avenue, #4-F
Fort Lauderdale, Florida 33301
(954)764-0033 - office
(954)764-0033 - fax
FBN: 265802

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6293-CR-FERGUSON

UNITED STATES OF AMERICA,        :

        Plaintiff,               :

v.                               :

TROY BROWN, et al.,              :

        Defendants.              :

_____

### DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on October 19, 2000, a hearing was held to determine whether the defendant **Damon Walters** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Damon Walters** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to possess with intent to distribute more than five grams of crack cocaine,



Composite Ex."A"

and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Therefore, the defendant is charged with offenses involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the instant charges arise from an investigation commenced by the Fort Lauderdale Police Department in response to citizen complaints about crack cocaine sales in their neighborhood, which was located in the 1400 - 1600 blocks of NE 4th Avenue, Fort Lauderdale, Florida. During the time period of March - July 2000, surveillance officers observed eight men engaged in selling drugs in this neighborhood. An undercover detective purchased crack cocaine from each of the defendants during the period of the investigation. Each sale was videotaped and audiotaped, and the total amount of crack cocaine purchased by the undercover officer was approximately 30 grams. There have been no complaints of drug dealing in this neighborhood since the time these defendants were arrested. 18 U.S.C. § 3142(g)(2).

    3. The pertinent history and characteristics of the defendant are that he is a lifelong resident of this community and does not appear to be a risk of flight. However, the defendant has two prior cocaine convictions, one for distributing cocaine within

1000 feet of a school, and has had his probation revoked. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess and did possess with intent to distribute crack cocaine, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in

charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this _30th_ day of October, 2000.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Bruce Brown (FTL)
Pretrial Services (FTL)
Michael Smith, Esq.