UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 00-6293-CR-FERGUSON / SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAMON WALTERS,

    Defendant.
_____/



### DEFENDANT WALTERS' RENEWED MOTION FOR INVESTIGATIVE COSTS

The Defendant, DAMON WALTERS, through undersigned appointed counsel, respectfully files this Renewed Motion for Investigative Costs, and in support thereof says:

1. On February 21, 2001, undersigned counsel filed the attached Motion for Investigative Costs.

2. All investigative work has been done and the Defendant is scheduled to enter a change of plea on May 30, 2001.

3. As of the date of this Motion, the Motion for Investigative Costs has not been ruled on.

4. The Defendant requests this Court's authorization to pay the

investigator for his assistance in the preparation of the defense.

5. The services of a competent independent investigator were necessary and essential in order to conduct an adequate investigation and thereby safeguard Defendant's Rights to receive a fair hearing and to effective assistance of counsel. Since the government apparently conducted a lengthy investigation prior to filing the indictment in this case, Defendant cannot perceive any prejudice to the government by the granting of this motion.

WHEREFORE, based upon the above and foregoing, the undersigned respectfully requests that this Court authorize the expenditure of up to $1,000.00, exclusive of costs, for the services of an investigator to aid the preparation of the defense in this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of May, 2001, to the Bruce Brown, Assistant United States Attorney, 500 East Broward Blvd, Fort Lauderdale, Florida 33301.

MICHAEL G. SMITH
633 Southeast Third Avenue, #4-F
Fort Lauderdale, Florida 33301
(954) 764-0033 - office
(954) 764-2590 - fax
FBN: 265802

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 00-6293-CR-FERGUSON / SNOW

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

DAMON WALTERS,

  Defendant.
_____/

## DEFENDANT WALTERS'
## MOTION FOR INVESTIGATIVE COSTS

The Defendant, DAMON WALTERS, through undersigned appointed counsel, respectfully files this Motion for Investigative Costs, and in support thereof says:

1. The Defendant is charged with conspiracy to possess with intent to distribute crack cocaine and two substantive counts of possession with intent to distribute crack cocaine. The total amount attributable to distributions by this Defendant over a five month investigation is .9 grams of crack cocaine.

2. The Defendant has previously been found indigent by this Court and, since he has been incarcerated since the date of his arrest, his financial situation has not improved, rather, has deteriorated. The Defendant has been qualified for

appointed counsel and undersigned counsel believes that he is eligible for the appointment of an investigator to assist counsel in the preparation of matters pertinent to his upcoming trial hearing.

3. The Defendant requests this Court's authorization to obtain an investigator to assist in the preparation of the defense, including investigating the facts of the case and interviewing and taking statements from prospective defense and government witnesses, as well as background investigations.

4. Furthermore, an investigator will be used to assist in obtaining, reviewing and evaluating documents to support a Motion to Dismiss being prepared jointly with counsel for the co-defendants.

5. The services of a competent independent investigator are necessary and essential in order to conduct an adequate investigation and thereby safeguard Defendant's Fifth and Sixth Amendment Rights to receive a fair hearing, to present witnesses on his own behalf, to effective assistance of counsel and to preserve meaningful cross-examination and confrontation of government witnesses. Since the government apparently conducted a lengthy investigation prior to filing the indictment in this case, Defendant cannot perceive any prejudice to the government by the granting of this motion to afford this Defendant at least some opportunity to contest the government's findings.

6. In <u>United States v. Sailer</u>, 552 F.2d 213 (5th Cir.), <u>cert denied,</u> 431 U.S. 959 (1977), the Court recognized that investigative services are necessary in appropriate cases to aid in preparation of an indigent defendant's defense to the charges lodged against him. Moreover, it has been held that allowance of investigative expenses for indigent Defendants is <u>required</u> when necessary to the proper preparation of the defense. A denial of government funds for such purpose may violate Defendant's right to the effective assistance of counsel and to due process of law. See <u>Mayson v. Arizona</u>, 504 F.2d 1345 (10th Cir. 1974), <u>cert denied</u>, 420 U.S. 936 (1975).

7. Counsel submits that it is anomalous for the Court to appoint counsel to represent an indigent defendant and not provide that counsel with the necessary means to provide effective assistance, especially where such means are provided for by law. See Title 18, U.S.C. Sec. 3006(1) and (3). Indeed, the District of Columbia Court of Appeals has recently held that an attorney's failure to properly investigate violated the defendant's Sixth Amendment right to effective assistance of counsel. See <u>Harris v. United States</u>, 30 Cr.L.Rptr. 2368 (D.C. Cir. January 21, 1983). See too, <u>Sullivan v. Fairman</u>, 819 F.2d 1382, 1391-93 (7th Cir. 1987) (ineffective assistance when counsel failed to contact five witnesses whose names, addresses, and telephone numbers were in police reports

3

that counsel possessed and whose testimony directly contradicted that of government's principal witness).

8.  Defendant submits that the allegations contained in his motion clearly reveal the necessity for the use of investigative services in this case to aid in the proper preparation of his trial. Therefore, Defendant's motion should be granted upon the authorities set forth above and pursuant to Title 18 U.S.C. Sec. 3006(3)(1) and (3).

9.  Counsel suggests that should this Court have any question regarding the absolute need for excess funds to obtain adequate investigative services, this Court should set this matter for an ex parte, in camera hearing to enable counsel to further expound upon the need for investigative funds.

WHEREFORE, based upon the above and foregoing, the undersigned respectfully requests that this Court authorize the expenditure of up to $1,000.00, exclusive of costs, for the services of an investigator to aid the preparation of the defense in this case.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of February, 2001, to the Bruce Brown, Assistant United States Attorney, 500 East Broward Blvd, Fort Lauderdale, Florida 33301.

MICHAEL G. SMITH
633 Southeast Third Avenue, #4-F
Fort Lauderdale, Florida 33301
(954) 764-0033 - office
(954) 764-2590 - fax
FBN: 265802

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 00-6293-FERGUSON / SNOW

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

DAMON WALTERS,
    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR INVESTIGATIVE COSTS

THIS CAUSE having come before this Court upon the Defendant's Motion for Investigative Costs, the Court having considered this matter and being otherwise duly advised in the premises, it is hereby

ORDERED AND ADJUDGED that the said Motion is **GRANTED**. The Defendant is authorized to expend an amount not to exceed $1,000.00, exclusive of costs, for the services of an investigator to aid in the preparation of the defense.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this _____ day of February, 2001.

                                                      WILKIE D. FERGUSON, JR
cc:   Bruce Brown, Esquire      U.S. DISTRICT COURT JUDGE
       Michael G. Smith, Esquire
       All counsel of record