UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 00-6293-FERGUSON / SNOW

UNITED STATES OF AMERICA,
　　Plaintiff,

vs.

DAMON WALTERS,
　　Defendant.
_____/



### DEFENDANT WALTERS' OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND UNOPPOSED MOTION OR DOWNWARD DEPARTURE

COMES NOW the Defendant, DAMON WALTERS, by and through undersigned counsel, pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, and respectfully files his objections to the PSI, and in support thereof says:

### ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY

1. Defendant objects to paragraphs 34, 42, and 43 of the PSI wherein he is accorded no downward adjustment for his acceptance of responsibility in this case, pursuant to U.S.S.G. §3E1.1. Attached hereto as Exhibit "A" is the Defendant's statement to the Court and admission of wrongdoing, accepting full responsibility for his conduct in this case. As this Court is aware, the Defendant entered a

negotiated plea of guilty. Indeed, pursuant to the terms of the plea agreement, the government agreed to an appropriate reduction based on his acceptance of responsibility and in recent conversations with the prosecutor, has again confirmed its position to counsel as herein relayed to the Court that the Defendant be accorded an appropriate downward adjustment for his acceptance of responsibility. Thus, this request for an appropriate downward adjustment appears unopposed by the government.

## CRIMINAL HISTORY

2. The Defendant objects to paragraphs 41, 48, 57 and 61 of the PSI wherein the probation office suggests the Defendant qualifies as a career offender as defined in § 4B1.1 of the guidelines based on two prior felony convictions of controlled substances (docket numbers 95-21149CF10A, delivery of cocaine and 99-916CF10A, possession with intent to deliver cocaine). Defendant submits that the charges were broken down to simple possession felonies and, as such, do not qualify for enhancement purposes. United States v. Hernandez, 145 F.3d 1433 (11th Cir. 1998). Based upon the foregoing, the Defendant

objects to these prior convictions being used for enhancement purposes and demands strict proof of their qualification for enhancement purposes by production of certified copies of the Judgment and Conviction in each case reflecting the essential elements of delivery and intent to deliver.

### MOTION FOR DOWNWARD DEPARTURE

3. As set forth in the PSI, Damon Walters is a 23-year-old male who delivered .61 grams of crack cocaine to an undercover officer. At the time the offense was committed, Mr. Walters had been using and abusing for many years alcohol, marijuana, and other drugs. Mr. Walters has only an 8th grade education, and described himself as a "bad student". Defendant's parents were divorced when he was three or four years old and he was thereafter raised by his mother, who physically abused him and was referred to HRS for such conduct. The Defendant has only been sporadically employed, mostly in the fields of maintenance, as a bag-boy and a short-order cook.

4. The PSI concludes that Mr. Walters qualifies as a career offender as a result of two drug offenses occurring when he was 18 years old

($20.00 worth of cocaine rock) and later at the age of 21 (possession of 15 cocaine pieces, a small amount of marijuana and $24.00 in U.S. currency). Other than these "qualifying convictions", Mr. Walters has several vehicle license violations and a grand theft conviction. As a result of the drug offenses, Mr. Walters' guideline range was enhanced from a base offense level 16 to level 32 (29 should this Court grant Acceptance of Responsibility) and a Criminal History Category VI. The Defendant submits that all of his prior convictions are non-violent and involved very small amounts of crack cocaine. The present offense is similar in that it is non-violent and involves the small-time, street-level peddling of a few crack rocks on two separate occasions over several months period of time. Assistant United States Attorney Bruce Brown does not oppose a downward departure in this case and leaves the extent of departure to the Court.

## MEMORANDUM OF LAW

Section 4A1.3 of the Sentencing Guidelines addresses those cases in which a defendant's criminal history category does not accurately represent the defendant's criminal history. While this section is often used to increase a defendant's sentence, the guidelines make it clear that there also will be cases "where the court concludes that a defendant's criminal history **over-represents** the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes". U.S.S.G. § 4A1.3 (emphasis added). Section 4A1.3 expressly allows a district court to depart downward in such a scenario, based on the recognition that the rote calculation of a criminal history score "is unlikely to take into account all the variations in the seriousness of criminal history that may occur". U.S.S.G. § 4A1.3 (commentary).

Furthermore, a downward departure under § 4A1.3 is permissible for career offenders. United States v. Webb, 139 F. 3d 1390, 1395 (11th Cir. 1998) citing United States v. Shoupe, 35 F.3d 835, 839 (3rd Cir. 1994) ("[w]here a defendant's offense level has been augmented by the career offender provision, a sentencing court may depart downward in both the criminal history and offense level categories under § 4A1.3") (emphasis added).

A downward departure based on over-represented criminal history is

warranted in Damon Walters' case. As noted, his convictions are all non-violent and entail small street-level deliveries of contraband. Further, his actions in the instant case are, likewise, non-violent level-level matters involving a small amount of contraband. Importantly, the prior offenses and the present conduct were committed between the ages of 18 and 21. In this regard, United States v. Senior, 935 F. 2d 149, 151 (8th Cir. 1991) (young age when offenses committed and State's assessment of the seriousness of the crimes as reflected by length of sentences valid grounds for departure based on § 4A1.3) is applicable.

Furthermore, the very fact that these are street-level offenses involving small amounts of contraband are circumstances that support a downward departure. In United States v. Williams, 78 F.Supp. 2d 189 (Dist. Ct. N.Y. 1999), the district judge departed downward from the career offender guidelines based on § 4A1.3 stating:

> In each of his prior convictions Williams was a street seller of narcotics - - the lowest level on the distribution chain. Not only did this make him the least significant member of the distribution chain, but it made him the only person most likely to be arrested and convicted since he was out on the street where he could easily be observed and approached by the police. For this reason, his record of convictions should be considered less significant for sentencing purposes than that of others in the distribution chain who do not expose themselves so readily to the risk of arrest and conviction. To equate two or three convictions for street level sales of narcotics with two prior convictions for distributing wholesale quantities of narcotics would seriously over-represent the seriousness of the street seller's criminal history.

> It is also important to recognize that the street seller is the person in the distribution chain who can be most easily replaced by those who operate the distribution network. Unfortunately, there are a large number of addicts and others who are immediately available to replace the street seller who is carted off to jail. This is not to say that street sellers should not be punished, but it does suggest that street sellers were not the type of offender who the Sentencing Commission pictured within the heartland of a 262-327 month guideline.

Id. at 193

The description of the prior convictions of the defendant in Williams easily describes Damon Walters' prior record. It is important to note that the behavior that constitutes Mr. Walters' prior criminal history began during the time period of extreme substance abuse and following years of actual physical abuse at the hands of his mother.

Damon Walters' history is similar to that of the defendant in United States v. Smith, 125 F. Supp. 2d 486 (Dist Ct. Fla. 2000) where a downward departure was granted based on a "confluence of circumstances." Id. at 491. A departure based on a combination of factors that take the case outside the heartland is contemplated both by the guidelines themselves in the commentary to § 5K2.0 and the case law. United States v. Mogel, 956 F.2d 1555, 1560 (11th Cir 1992); United States v. Jones, 158 F.3d 492, 498-506 (10th cir. 1988); United States v. Coleman, 188 F.3d 354, 361-62 (6th Cir. 1999).

7

In sum, in addition to the overrepresentation of the severity of Damon Walters' criminal history (which standing alone is sufficient to support a departure) there is also a combination of other factors including age, physical abuse, substance abuse problem and small-time street peddling nature of the offense, that operate in combination to support a downward departure in this case. Damon Walters requests that the court so depart.

WHEREFORE, based on the above and foregoing, the Defendant respectfully request the Court grant these objections to the PSI and further grant his Unopposed Motion For Downward Departure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 1st day of August, 2001, to the Bruce Brown, Assistant United States Attorney, 500 East Broward Blvd, Fort Lauderdale, Florida 33301; Nora Heredia-Burgos, U.S. Probation, 300 Northeast First Avenue, Suite 315, Miami, Florida 33132; and to Damon Walters, Inmate No. 55492-004, FDC - Miami, 33 Northeast Fourth Street, Miami, Florida 33130.

_____
Michael G. Smith
FBN: 265802
633 Southeast Third Avenue
Suite 4-F
Fort Lauderdale, FL 33301
(954)764-0033

Dear Judge Ferguson:

Please consider this my statement regarding my guilt and my acceptance of responsibility for my conduct. I pled guilty to conspiracy with intent to possess with intent to distribute cocaine base because I am guilty. I am truly sorry and apologize to this Court, the public and most importantly my family and friends for my conduct which led to my plea of guilty in this case.

I hope this Court will accept this statement as my sincere expression of remorse and acceptance of responsibility for my conduct that led to my arrest in this case.

Respectfully,


Damon Walters